IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                        )
                                              )   Case No. 10-22319
Sterling Estates (Delaware) LLC, a            )   Chapter 11
Delaware Limited Liability Company,           )   Judge Jack B. Schmetterer
                                              )
    Debtor/Debtor-in-Possession.            )

## NOTICE OF EMERGENCY MOTION

TO:   ATTACHED SERVICE LIST:

    PLEASE TAKE NOTICE that on the 25th day of May, 2010 at 10:00 a.m. or as soon thereafter as counsel can be heard, I shall appear before the Honorable Jack B. Schmetterer, Bankruptcy Judge, in the room usually occupied by him as courtroom 682 in the United States Bankruptcy Court in the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, or before any other Judge who may be sitting in his place and stead and shall present the Motion for Authority to Use Cash Collateral and For Related Relief, a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith.

    AT WHICH TIME and place you may appear if you so see fit.

                                                /s/Eugene Crane
                                                Crane, Heyman, Simon, Welch & Clar
                                                l35 S. LaSalle St., Suite 3705
                                                Chicago, Illinois 60603
                                                (3l2) 64l-6777

## CERTIFICATE OF SERVICE

STATE OF ILLINOIS   )
                        )
COUNTY OF COOK   )

    The undersigned, being first duly sworn on oath deposes and states that he caused a copy of the foregoing Notice and attached Emergency Motion for Authority to Use Cash Collateral and For Related Relief to be served on all the parties listed on the attached service list via facsimile (where indicated), via electronically (where indicated), via hand delivery (where indicated) and via first class mail, properly addressed, postage pre-paid, on the 21st day of May, 2010, before the hour of 5:00 p.m.

                                                /s/Eugene Crane

## SERVICE LIST

United States Trustee
Dirksen Federal Building
219 South Dearborn St., Suite 873
Chicago, IL 60604
Via Fax No. 312-886-5794

Cara M. Houck
Miller Canfield Paddock & Stone
225 W. Washington St., Ste. 2600
Chicago, IL 60606
Via Fax No. 312-460-4201

Alex Darcy
Askounis & Darcy, PC
401 N. Michigan Ave., Ste. 550
Chicago, IL 60611
Via Fax No. 312-784-2410

Richard J. Klarchek, President
Sterling Estates (Delaware), LLC
875 N. Michigan Ave., Ste. 3800
Chicago, IL 60611
Via Fax No. 312-202-9512

ComEd
PO Box 6111
Carol Stream, IL 60197-6111
Via Fax No. 630-576-8591

ComEd
c/o Margaret B. Balsley-Cross
Asst. General Csl Corp.
 & Commercial Law Dept.
Exelon Business Services Co.
10 S. Dearborn St., 49th Fl.
Chicago, IL 60603
Via Fax No. 312-394-4462

Currier's Hydro Services, LLC
5347 US Hwy 6, Unit D
Portgage, IN 46366
Via Fax No. 219-762-0021

FJ Kerrigan Plumbing Co., Inc.
811 Ridge Rd.
Wilmette, IL 60091-2445
Via Fax No. 847-251-9433

Furniture Medic
12911 South Senaca Rd.
Palos Heights, IL 60463
Via e-mail jerrymj12@comcast.net

Jerry Hertel Plumbing
30980 N. Bacon
McHenry, IL 60050
Via e-mail: jerry-hertel@yahoo.com

L.H. Block Electric Co., Inc.
1281 Humbracht Circle, Suite K
Bartlett, IL 60103
Via Fax No. 630-823-4300

Lewinthal Sklamberg & Associates
633 Skokie Blvd.
Northbrook, IL 60062
Via Fax No. 847-480-0156

MB Financial Bank
PO Box 790408
Saint Louis, MO 63179-0408
Via Fax No. 866-807-9053

Nicor Gas
P.O. Box 0632
Aurora, IL 60507-0632
Via Fax No. 630-983-8174

Pioneer Research Corporation
3110 N. 19th Avenue
Phoenix, AZ 85015
Via Fax No. 602-230-7444

Progressive Property Solutions
1202 N. 75th St., Suite 200
Downers Grove, IL 60516
Via Fax No. 630-759-6256

Purchase Power
P.O. Box 856042
Louisville, KY 40285-6460
Via Fax No. 203-614-3443

Rodea Signs & Screen Tech.
16931 S. State Street
South Holland, IL 60473
Via Fax No. 708-333-0209

Sewer & Water Services Company
P.O. Box 6223
Elgin, IL 60123
Via Fax No. 847-608-4856


The Brickmangroup Ltd., LLC
PO Box 71358
Chicago, IL 60694
Via Fax No. 847-438-0585


Touch of Class Landscaping
7631 S. Octavia
Bridgeview, IL 60455
**Via Hand Delivery**

Urban Real Estates Research
P.O. Box 10940
Chicago, IL 60601
Via Fax No. 312-201-9525

Waste Management Illinois
P.O. Box 4648
Carol Stream, IL 60197-4648
Via Fax No. 866-363-1023

Willow Springs Ace Hardware
8436 Archer Avenue
Willow Springs, IL 60480
Via Fax No. 708-839-1032

Wolin Kelter & Rosen, Ltd.
55 W. Monroe St., Suite 3600
Chicago, IL 60603
Via Fax No. 312-424-0660

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                            )
                                                  )   Case No. 10-22319
Sterling Estates (Delaware) LLC, a                )   Chapter 11
Delaware Limited Liability Company,               )   Judge Jack B. Schmetterer
                                                  )
    Debtor/Debtor-in-Possession.                )

**EMERGENCY MOTION FOR AUTHORITY TO USE
CASH COLLATERAL AND FOR RELATED RELIEF**

    Sterling Estates (Delaware) LLC, a Delaware Limited Liability Company, Debtor/Debtor-in-Possession, ("Debtor") herein, by and through its Attorneys, makes its Emergency Motion pursuant to Section 363 of the Bankruptcy Code , Rule 4001(b) of the Federal Rules of Bankruptcy Procedure and Rule 4001-2 of the Local Rules of this Court For Authority to Use Cash Collateral and For Related Relief; and in support thereof, states as follows:

**Introduction**

    1.    On May 17, 2010, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code ("Petition Date").

    2.    The Debtor is operating its business and managing its financial affairs as Debtor in Possession. No trustee, examiner or committee of unsecured creditors has been appointed to serve in this reorganization case.

    3.    By this Motion, the Debtor requests that this Court authorize it to use certain cash and cash equivalents that allegedly serve as collateral for claims asserted against the Debtor and its property by Wells Fargo Bank, N.A., as Trustee for the registered holders of Banc of America Commercial Mortgage Inc., Commercial Mortgage Pass-Through Certificates, Series 2003-2, by and through its special servicer ORIX Capital Markets LLC ("Lender").

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334.

5. This matter constitutes a "core" proceeding within the meaning of 28 U.S.C. Section 157(b)(2)(A), (M) and (O).

6. The statutory predicates for the relief requested in this Motion are Section 363 of the Bankruptcy Code, Rule 4001(b) of the Federal Rules of Bankruptcy Procedure and Rule 4001-2 of the Local Rules of this Court.

**Relevant Factual Background**

7. The Debtor is a Delaware limited liability company that is the owner of a manufactured home community, consisting of 736 sites, situated on an 80.77 acre roughly triangular lot, located at 9300 West 79th Street, Justice, Illinois, 60458 ("Property).

8. The Property is subject to a purported first mortgage in favor of Lender purportedly securing a claim in the amount of $36,929,811.24. Pursuant to Lender's loan documents, the promissory note secured by said mortgage purportedly came due on May 1, 2010. At that time, the Debtor asserts that it was current with respect to debt service on said note.

9. The Debtor has attempted, without success, to engage the Lender in a discussion over a restructuring of the underlying mortgage indebtedness.

10. Based upon the underlying loan documents of the Lender, the cash collateral issues in this Chapter 11 case relate to the rents generated at the Property.

**Use of Cash Collateral**

11. In addition to its mortgage liens on the Property, the Lender asserts a security interest in and lien upon the rents being generated at the Property.

12. In order for the Debtor to continue to operate its business and manage its financial affairs, and effectuate an effective reorganization, it is essential that the Debtor be authorized to use cash collateral for, among other things, the following purposes:

A) Maintenance and Repairs;

B) Insurance;

C) Utilities;

D) Real estate taxes;

E) Real estate management fees;

F) Other miscellaneous items needed in the ordinary course of business.

Attached to this Motion as **Exhibit A** are the Debtor's monthly cash flow projections for the period May 25, 2010, through June 27, 2010 (the "Budget") for the Property. The Budget itemizes the Debtor's cash needs during the relevant period.

13. Use of cash collateral to pay the actual, necessary and ordinary expenses to maintain the Debtor's business and Property, as set forth in the Budget, will preserve the value of the Debtor's assets and business and thereby ensure that the interests of creditors that have or may assert an interest in both cash collateral and the Debtor's other assets are adequately protected within the meaning of Sections 361, 362 and 363 of the Bankruptcy Code.

14. The Debtor proposes, subject to the approval of this Court, to use cash collateral in which the Lender asserts an interest. The Debtor's proposal will permit the Debtor to sustain its business operations and reorganize its financial affairs through the implementation of a successful plan of reorganization. Furthermore, the Debtor's proposal will adequately protect the purported secured interests of the Lender.

15. Unless the Debtor is authorized to use cash collateral in which the Lender asserts an interest, the Debtor will be unable to continue to operate its business and manage its property, thereby eliminating any reasonable prospect for a successful

reorganization. The cessation of normal business operations by the Debtor will cause irreparable harm to the Debtor, its creditors and this estate.

16. The Debtor proposes to use cash collateral and provide adequate protection to the Lender upon the following terms and conditions:[1]

   A. The Debtor will permit the Lender to inspect, upon reasonable notice, within reasonable hours, the Debtor's books and records;

   B. The Debtor shall maintain and pay premiums for insurance to cover all of its assets from fire, theft and water damage;

   C. The Debtor shall, upon reasonable request, make available to the Lender evidence of that which purportedly constitutes its collateral or proceeds; and

   D. The Debtor will properly maintain the Property in good repair and properly manage such Property.

17. Further cash flow budgets, if necessary, will be submitted to this Court pursuant to this Motion. The Debtor will make the expenditures set forth on Exhibit A to this Motion plus no more than 10% of the total proposed expense payments, unless otherwise agreed by the Lender or upon further Order of this Court.

**Conclusion**

18. The Debtor requests, pursuant to Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure, that this Court conduct a preliminary hearing to authorize the Debtor's interim use of cash collateral pending a final hearing on this Motion.

19. The Debtor believes that it is in the best interests of the Debtor, its creditors, and this estate to authorize it to use that portion of its assets herein requested, all or a portion of which may constitute cash collateral, in that, without the limited use of those assets as herein requested, the Debtor will be unable to pay and

---

[1] Based upon the Debtor's proposal for the use of cash collateral, none of the disclosures required under Rule 4001-2 of the Local Rules of the Court are necessary.

satisfy its current operating expenses thereby resulting in immediate and irreparable harm and loss to the estate.

20. For the reasons set forth herein, this Court should grant the relief requested in this Motion.

WHEREFORE, Sterling Estates (Delaware) LLC, a Delaware Limited Liability Company, Debtor/Debtor-in-Possession herein, prays for the entry of an Order as follows:

    A.    Authorizing the Debtor to use cash collateral in which the Lender asserts liens, upon the terms and conditions set forth in this Motion, until further Order of this Court;

    B.    Preliminarily authorizing the Debtor to use cash collateral pending a final hearing on this Motion;

    C.    Setting a final hearing on this Motion; and

    D.    Granting such other relief as this Court deems just and appropriate

        Sterling Estates (Delaware) LLC, a Delaware Limited Liability Company, Debtor/Debtor-in-Possession

        By: /s/Eugene Crane
            One of its Attorneys

**DEBTOR'S COUNSEL**:
Eugene Crane (Atty. No. 0537039)
Arthur G. Simon (Atty. No. 03124481)
Scott R. Clar (Atty. No. 06183741)
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle Street, Suite 3705
Chicago, IL 60603
TEL: (312) 641-6777
FAX: (312) 641-7114
W:\AGS\Sterling Estates\Cash Collateral.MOT.wpd